UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANA COATES, | ) | |
| | ) | 2:05-cv-0446-GEB-JFM |
| Plaintiff, | ) | |
| | ) | ORDER RE: SETTLEMENT |
| v. | ) | AND DISPOSITION |
| | ) | |
| HIGHMARK LIFE INS. CO., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

      On July 26, 2006, Bradley Benbrook, the Neutral Attorney appointed to facilitate this action in the Voluntary Dispute Resolution Program, filed a letter addressed to my Courtroom Deputy in which he states: "[The parties have been] able to reach a settlement." In accordance with Local Rule 16-160(b), a dispositional document shall be filed no later than August 15, 2006.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

      The pretrial conference scheduled for August 28, 2006, is rescheduled to commence at 1:30 p.m. on September 25, 2006, in the event no dispositional document is filed, or if this action is not

1

otherwise dismissed.[1]  Further, a joint pretrial statement shall be filed seven days prior to the conference.  The trial date remains unchanged.

    IT IS SO ORDERED.

Dated:  July 28, 2006

        /s/ Garland E. Burrell, Jr.
        GARLAND E. BURRELL, JR.
        United States District Judge

---

[1] The pretrial conference is scheduled because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2